UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RICHARD LEE GUTHRIE                                                                      PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:16-CV-P116-JHM

DAVID OSBORN et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Richard Lee Guthrie, *pro se*, has filed a complaint on this Court's 42 U.S.C. § 1983 form.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC).  He states that he was sentenced to 30 years in prison for manufacturing meth, even though: 1) no drugs were found on him; 2) his three co-defendants were given 3-10 year sentences; and 3) the residence belonged to the codefendant who received the least time.  He further states that the police chief of Clinton County, Kentucky, had family directly involved in this case.  He states that 15-18 months ago, he was shipped to DCDC by the Kentucky Department of Corrections (KDOC) and that, because he is being held in a county jail, he has no access to a legal aide, a law book, a pencil, or money to pay for postage or phone calls to seek qualified legal help.  Plaintiff asserts that his requests for a transfer to a KDOC facility have been denied.

Plaintiff alleges that it is fundamentally unfair to prosecute an uneducated, unprepared impoverished person, "esentionaly giving him a life sentence, then locking him or her in a Ky. D.O.C. jail, that is designed for strictly punitive, and security purposes, especially when the

police chief of county of conviction has family members involved." He states that he seeks relief to be moved immediately to a KDOC facility "that can meet his needs of simple fairness or immediate release."

Plaintiff names as Defendants in their individual and official capacities, Daviess County Jailer David Osborn, DCDC Class D Coordinator Corporal Bennett, and KDOC Commissioner LaDonna Thompson. As relief, he asks for "review and action of federal court."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims regarding the fact or duration of his confinement

To the extent that Plaintiff wishes to challenge the validity of his state-court conviction in this Court, he may do so in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has fully exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of Plaintiff's claims seeking to challenge his state-court conviction is appropriate.[1] *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (holding that dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010).

### B. Claim seeking transfer

The law is clear that inmates have no constitutional right to be incarcerated in any particular institution unless the state has created a liberty interest in remaining at a particular institution. *Montanye v. Haymes,* 427 U.S. 236 (1976); *Beard v. Livesay,* 798 F.2d 874 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. § 197.065.

Further, the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520, 548 (1979); *Turner v. Safley*, 482 U.S. 78, 84 (1987). Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. at 547. Thus, Plaintiff's claim

---

[1] The Court notes that Plaintiff has filed a habeas corpus action in this Court. *Guthrie v. Guffie*, 4:16-CV-P111-JHM.

that he should not be housed in a county facility and that he should be transferred fails to state a claim upon which relief may be granted and must be disissed.

### C. Remainder of claims

Additionally, the remainder of Plaintiff's allegations do not rise to the level of a constitutional violation. The first inquiry in any § 1983 case is whether a deprivation of a right secured by the Constitution or laws of the United States has occurred. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995).

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a First Amendment right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). When an inmate claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, he fails to state a claim absent a showing of prejudice to his litigation. *Walker v. Mintzes,* 771 F.2d at 932.

Nor does Plaintiff's allegation that he was denied a legal aide, standing alone, state a cognizable claim under the First Amendment. *Richardson v. Oldham*, No. CIV.A.3:07CV-P388H, 2007 WL 3251848, at *3 (W.D. Ky. Nov. 2, 2007). In order to state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Although Plaintiff alleges that he has no access to a legal aide, a law book, a pencil, or money to pay for postage or phone calls to seek qualified legal help, he has made no specific

allegation of actual prejudice to pending litigation. Additionally, the Court notes that he has filed two lawsuits in this Court while incarcerated at DCDC. Consequently, his claims related to the prison law library, legal aide, writing supplies, postage, and phone calls must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: November 2, 2016

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.009